ELISHA J. CAMPBELL *et al. vs.* EDWARD P. METCALF, *Admr., d. b. n.*

ELISHA J. CAMPBELL *et al. vs.* EDWARD. P. METCALF, *Admr., d. b. n.*

EDWARD P. METCALF, *Admr., d. b. n., vs.* ELISHA J. CAMPBELL.

EDWARD P. METCALF, *Admr., d, b. n., vs.* ELISHA J. CAMPBELL.

UNITED STATES FIDELITY & GUARANTY CO. *vs.* EDWARD P. METCALF, *Admr., d. b. n.*

JULY 9, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Probate Law. Appeal.*

Notwithstanding an administrator charged himself with proceeds of a sale of real estate, he is entitled to appeal from a decree of the probate court allowing such account and charging him with such proceeds.

*(2) Probate Appeal. Trial.*

The trial of a probate appeal in the Superior Court is essentially a trial *de novo.*

*(3)   Executors and Administrators.   Proceeds of Void Sale.*

Where an attempted sale of real estate by an administrator was subsequently pronounced void by the court, the administrator held the purchase price not in his representative capacity but in his individual capacity subject to the legal and equitable rights of the vendee.

*(4)   Executors and Administrators.   Amending Account on Appeal.*

Where an administrator had improperly charged himself with the proceeds of a void sale, he is not bound by the decree of the probate court, allowing such account, but the account can properly be amended in the proceedings on appeal in the Superior Court.

*(5)   Executors and Administrators.   Loss on Trust Funds.*

Where at the time of the failure of a bank, the account of an estate consisted of the proceeds of an attempted sale by the administrator subsequently pronounced void by the court and the funds of the estate, together with interest on the entire fund, each of the funds should bear the loss in the proportion that each fund bears to the total fund.

CONSOLIDATED PROBATE APPEAL.   Heard on exceptions of various appellants.   Certain exceptions sustained.

STEARNS, J.   These actions are appeals and cross-appeals which were taken from two decrees of the Municipal Court of Providence, entered July 24, 1917, approving and allowing the first and second amended accounts of Edward P. Metcalf as administrator *de bonis non* of the estate of James Campbell.   The actions were tried together by a jury in the Superior Court and are in this court on amended bills of exceptions prosecuted by Elisha J. Campbell *et al.*, creditors of the estate of said Campbell, and by Henry M. Boss, Jr., administrator *de bonis non* of said estate.

James Campbell died intestate June 25, 1904, leaving as his sole heirs and next of kin Rebecca Campbell, his widow, and three children, Elisha J. Campbell, George Campbell and Eva R. Lovegrove.   Elisha J. Campbell was appointed administrator September 6, 1904, and on March 4, 1905, he filed a claim against the estate of his father for $15,500.   In April, on his representation to the court that the personal estate was insufficient to pay debts, commissioners were appointed to determine the amount of claims.   The commissioners, among other claims, allowed Elisha J. Campbell

$2,700 on his claim for $15,500. January 3, 1906, Elisha J. Campbell filed a claim of appeal from the decree of the Municipal Court approving the commissioner's report which allowed his claim for only $2,700. This appeal has been before the courts numerous times on various objections made in the several trials which have been had, and is still pending and undetermined. November 17, 1906, on petition of the other heirs, Elisha J. Campbell was removed as administrator and on the same day Edward P. Metcalf was appointed administrator *d. b. n.* On January 15, 1907, Metcalf filed his petition to sell certain parcels of land in order to pay claims and, on permission given by the Municipal Court, one lot on Eddy street was sold for $31,175.55. December 18, 1908, said petition of January 15, 1907, was heard and the decree of the Municipal Court was entered authorizing the administrator *d. b. n.* to sell the Pine street property for not less than $16,500. Bond for the sale of this Pine street property was furnished by the U. S. Fidelity & Guaranty Co. in the sum of $25,000. December 24, 1908, Elisha J. Campbell filed an appeal from the decree of the Municipal Court entered December 18, 1908, authorizing the sale of the Pine street property. January 12, 1911, a petition was filed in the Superior Court by Metcalf, administrator *d. b. n.*, asking that the appeal of Elisha J. Campbell from the decree authorizing the sale of the Pine street property be dismissed for failure to perfect the appeal. January 17, 1911, this petition was granted and the decree of the Superior Court was entered dismissing the appeal. February 10, 1911, the decree of the Municipal Court was entered affirming its decree of December 18, 1908, authorizing the administrators to sell the Pine street property for $16,500, and on the same day a second bond for the sale of the Pine street property was furnished by the U. S. Fidelity & Guaranty Co. in the sum of $25,000. March 8, 1911, the Pine street property was sold to Lederer Realty Corporation for $16,500. March 22, 1911, Elisha J. Campbell filed his appeal from the decree of February 10, 1911, which author-

ized the sale of the Pine street property. June 17, 1911, the decree of the Superior Court was entered dismissing said appeal of Elisha J. Campbell from the decree of February 10, 1911. June 24, 1911, Elisha J. Campbell filed his exception to said decision. From this decision Elisha J. Campbell took an appeal to this court which was sustained. See *Campbell* v. *Metcalf, admr.*, 33 R. I. 453. In this case, decided March 6, 1912, this court held that the action of the Superior Court in dismissing the appeal was error; that under Chapter 308, Section 28, General Laws, 1909, which provides that "Every license granted by a probate court to sell real estate shall continue in force for one year . . .", the time during which a sale could be made under a license or decree of the Probate Court was limited to the period of one year from the entry of the decree; that such a decree could not be revived after the lapse of a year, but authority to sell if desired could only be given on a new petition to the Probate Court and a new license given therefor; and that the Probate Court could not lawfully affirm the decree of December 18, 1908, and put the same again in force by the decree of February 10, 1911. The decree of the Superior Court was reversed.

April 12, 1912, another petition was filed by Metcalf, administrator *d. b. n.*, to sell the Pine street property. This was later discontinued and subsequently, at different times, two other petitions were filed by Metcalf, administrator *d. b. n.*, to sell the Pine street property but no decree was ever entered in either application. November 15, 1909, a petition of Elisha J. Campbell was filed in the Municipal Court asking for the removal of Metcalf as administrator *d. b. n.* This petition was denied and on appeal therefrom to the Superior Court the action of the Probate Court was affirmed. March 1, 1913, Edward P. Metcalf, who was president of the Atlantic National Bank in Providence, resigned as president and, on the 12th of April following, a receiver of said bank was appointed by the Federal Court. In the spring of 1917, Metcalf was removed as administrator

*d. b. n.* and Mr. Boss was appointed administrator *d. b. n.* In October,. 1917, a jury trial on the appeals in the Superior Court was claimed by Elisha J. Campbell *et al.*, and Henry M. Boss, Jr., administrator *d. b. n.*, entered his appearance in the proceedings in the Superior Court as administrator *d. b. n. pro se.* On motion of Elisha J. Campbell *et al.*, the various appeals were consolidated for trial and on May 16, 1918, the U. S. Fidelity & Guaranty Co. entered its appearance as appellant in Probate Appeals 653 to 656 inclusive.

George E. Campbell died intestate December 9, 1906, leaving as his heirs at law said Elisha J. Campbell and Eva R. Lovegrove. By a conveyance from Eva R. Lovegrove on June 27, 1917, and Elisha J. Campbell on November 1, 1917, Bradford Campbell, son of Elisha, became the owner in fee of the Pine street property and on or about January 1, 1918, dispossessed the Lederer Realty Corporation and took possession thereof. On February 9, 1918, the Lederer Realty Corporation demanded the return of the purchase price of the Pine street property from the administrator, Henry M. Boss, Jr., and, this request being refused, a bill in equity was brought on March 15, 1918, in the Superior Court against Bradford Campbell *et al.* and Henry M. Boss, Jr., administrator *d. b. n.* of the estate of James Campbell, to compel the return of the purchase price (Equity No. 447). The hearing on the merits resulted in the entry of a decree under date of February 12, 1919, requiring Henry M. Boss, Jr., administrator *d. b. n.*, to repay the purchase price with interest at six per cent from the date of demand on February 9, 1918, to the Lederer Realty Corporation. A claim of appeal from this decree was entered by the administrator, Henry M. Boss, Jr., and this appeal was heard at the request of the parties in interest by this court at the same time as the appeals before mentioned.

At the trial of the appeals on the administrator's account in the Superior Court numerous issues were submitted to the jury which returned a verdict with some thirteen special findings. During the trial of the case a number of excep-

tions were taken to various rulings of the court in regard to the admission of evidence and to certain parts of the charge of the court and to certain refusals to charge the jury as requested.

Upon consideration of the testimony and particularly of the charge to the jury by the trial justice, we are of the opinion that the parties had a full, fair and impartial trial. The issues were mainly issues of fact as, for instance, the necessity of certain litigation; the fair value to be paid to the attorneys for their services therein; the good faith of the litigants; the question whether the administrator had used proper care in the selection and use of the Atlantic National Bank as a depositary of the funds of the estate. The charge of the trial justice, with one exception to which we will refer later, was a clear and correct statement of the law of the case and the jury was fully informed thereby in regard to the precise issues involved and the law applicable thereto. The trial justice has approved the various findings of the jury, has denied the petition for a new trial, and in his rescript on file in this case has stated in a convincing manner his reasons for affirming the verdict of the jury. In speaking of the case the court justly says, "the litigation has been bitterly and assiduously contested for fifteen years since the death of James Campbell, during which time almost every conceivable point of law that is likely to be raised in the settlement of an administrator's account has at some time been raised and litigated, and there is now no indication of subsidence of the passion to litigate the matters." In our opinion it is time that this litigation should be brought to an end. We find no merit in any of the exceptions, save on one issue.

(1) We come now to the consideration of the one ruling of the trial justice which was erroneous. As stated above, the administrator in March, 1911, conveyed by deed the Pine street property to the Lederer Realty Corporation and received therefor $16,500, which sum the administrator charged himself with as an asset of the estate in his first

account in the probate court, which was filed May 14, 1912. This sum with certain items of interest was charged against the administrator by the Probate Court in the allowance of the second amended account. In his reasons of appeal the administrator Metcalf took specific objection to this action of the Probate Court. In the appeal of the U. S. Fidelity & Guaranty Co. as one reason of appeal it was alleged that the decree was wrong and erroneous and should now be reversed and annulled but the charge now complained of was not specifically mentioned.

The trial court charged the jury as a matter of law that the administrator could not be charged in his account with $16,500, proceeds of the sale of the Pine street property, that the administrator should be allowed to amend his account by striking out said amount therefrom and also such charge as the administrator had made against himself for interest received on said amount. The jury in its verdict found in accordance with this instruction. (Special finding 9). In behalf of Elisha J. Campbell it is now argued that, inasmuch as Metcalf charged himself in his account with the proceeds of the land sale which he had received, he cannot be held to be aggrieved by the decree of the Municipal Court and consequently has no right of appeal therefrom. We do not agree with this contention. The question is properly before us as it is covered in the reasons of appeal. It was one of the important issues in the trial and the appellant has himself raised the question by his exceptions. (16th & 28th).

The nature of a probate appeal was considered in *Vaill* v. *McPhail*, 34 R. I. 361, and in *Kenyon* v. *Hart*, 38 R. I. 524, and the principle was recognized that under our practice the Superior Court hears the appeal not as by writ of error or by bill of exceptions to the action of the Probate Court, but of necessity in most cases and in practice the trial is essentially a trial *de novo*.

The attempted sale was made by Metcalf as administrator; he was acting under legal advice, and the proceeds

thereof were deposited in bank by the administrator together with funds of the estate. By the decision of this court, above referred to, the administrator then for the first time knew that he had no authority to make the sale. The decision of this court in *Campbell* v. *Metcalf, supra.*, established that the authority of the decree of the Municipal Court licensing the administrator to sell the real estate had expired at the time the sale was made. The attempted sale was void and not merely voidable as claimed by appellant Campbell. Title to the land had never passed from the heirs of the estate. Since the administrator never had title to the land, and never had any authority to make the sale, it is clear that the proceeds of the sale do not belong to and (3) are no part of the assets of the estate. As the administrator received this fund which did not belong to the estate, and which it was no part of his duty as administrator to receive, he held the same not in his representative capacity as administrator but in his individual capacity subject to the legal and equitable rights of the vendee, the Lederer Realty Corporation therein. *Probate Court* v. *Williams*, 30 R. I. 145 and cases cited therein; see also *Belcher* v. *Branch*, 11 R. I. 226; *Potter* v. *Dolan*, 19 R. I. 514; *Hendrick* v. *Probate Court*, 25 R. I. 361.

(4)  The administrator having improperly charged himself with the proceeds of said sale which did not belong to the estate was not in the circumstances bound by said inventory and the judgment of the Probate Court, but said account could properly be amended or changed in the proceeding on appeal in the Superior Court. *McGinity* v. *McGinity*, 19 R. I. 510. In this case, at p. 512, the court said: "The administrator like all other persons is liable to make mistakes. He may omit by accident to inventory certain items of property belonging to the intestate, on the one hand, or he may include in such inventory by mistake property which does not belong to the intestate, on the other, and the plainest dictates of reason and justice require that in either case the error when discovered should be corrected."

In the case at bar if the administrator had at once, on finding the sale to be void, paid the money back to the purchaser or if he had on receipt of the purchase price deposited the same in a separate account the estate could neither claim nor be held liable for such purchase price. The administrator, so far as appears, believed at the time that the purchase price was a part of the assets of the estate and he deposited the same in the account of the estate in the Atlantic National Bank. There was no conversion or misapplication of the fund by the administrator nor did he attempt to mingle the fund with his own funds. At the time of the failure of said bank on April 12, 1913, the amount of the entire fund on deposit in said bank to the credit of Edward P. Metcalf, administrator d. b. n. was $27,906.55. This fund thus consisted of two trust funds, the purchase price of the Pine street realty and the funds of the estate, together with interest on the entire fund. As there has been a loss to the common fund by reason of the failure of the bank, the question is as to the proportion of the loss which should be borne by each fund. As the loss arose without the fault of either of the parties having the beneficial interest in the fund, we think justice requires that each of the two trust funds should bear the loss in the proportion that each trust fund bears to the total fund. To charge one fund with the entire loss would be inequitable and unfair. The heirs should not be allowed to have the real estate and also receive the benefit of the proceeds of the unauthorized and void sale.

From the evidence it appears that from March 8, 1911, when the proceeds of the Pine street property in the sum of $16,500 were deposited to the account of the estate of James Campbell, to April 12, 1913, when the Atlantic Bank was closed, the only additions made to the account were a deposit of $65 and interest at the rate of three per cent per annum which was credited monthly by the bank, this being the rate of interest allowed all depositors at the close of each month on the preceding monthly balances; during this

period the amount on deposit, which was $29,584.63 on March 31, 1911, never fell below the sum of $27,906.55 which remained on deposit at the time the bank was closed; all withdrawals from the account which were made during that period were properly made by Metcalf in his capacity as administrator for the purposes of the estate.

The jury has found that the administrator Metcalf was not at fault in making the deposit in the Atlantic National Bank. We think that in the circumstances, on April 12, 1913, the purchase price paid of $16,500 plus the interest credited to this amount by the bank, a total of $17,567.49, or 62.9% of the entire fund, belonged to the purchase price fund and the balance 37.1% of the entire deposit, $10,-339.06, belonged to the estate plus the proportionate part of the interest paid by the bank on the entire deposit. Since the failure of the bank $20,790.38, has been paid in dividends. As these dividends were paid they were deposited in the Union Trust Company and drew interest at 3% until January 4, 1916, at which time they commenced to draw interest at 4%. On July 24, 1917, the amount of total fund was $19,599.67, which amount was subsequently turned over to the administrator Boss. In the above we have followed the computation of the appellee, the U. S. Fidelity & Guaranty Co., which appears to be correct. The result thus reached shows $14,445.92 to be the amount of the purchase price fund turned over by Metcalf to his successor Boss and received by him in his individual capacity and the balance of $5,153.75 of the amount received by Boss is the sum belonging to the estate of James Campbell, which he received and holds as administrator *d. b. n.* In reaching this result we have treated the interest actually received on the same basis as the principal and have considered the interest as deposited in the account on the day it was credited to the account.

For the reasons stated we find that the charge of the court in respect to the purchase price fund and interest thereon was

erroneous. The exceptions of appellants thereto are sustained; all the other exceptions are overruled.

The final decree to be entered by the Superior Court should be in accordance with the verdict of the jury, except as to the finding in regard to amendment of administrator's account by striking out the items in regard to $16,500 proceeds of sale of the Pine street property, &c.

Said final decree should charge the administrator with the sum of $5,153.75, as of July 24, 1917, being so much of said fund of $19,599.67, as this court has by this opinion found to be assets in the hands of the administrator.

The consolidated case is remitted to the Superior Court with direction to enter a final decree in accordance with this opinion.

*William J. Brown,* for Elisha J. Campbell *et al.*

*Henry M. Boss, Jr., Admr., d. b. n.,* Estate of James Campbell, *pro se.*

*Swan, Keeney & Smith,* for United States Fidelity & Guaranty Co.

*John P. Beagan, Malcolm D. Champlin,* for Champlin & Harris.

*Daniel H. Morrissey,* for Murdock & Tillinghast.

*Waterman & Greenlaw, Louis A. Waterman, Edwin J. Tetlow, Alfred H. Lake,* for Edward P. Metcalf, Admr.